UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-mc-00041-JAR |
| ) | |
| NORTHWESTERN MUTUAL ) | |
| LIFE INSURANCE COMPANY, ) | |
| NORTHWESTERN MUTUAL ) | |
| INVESTMENT SERVICES, LLC, ) | |
| MISSOURI DEPARTMENT OF ) | |
| INSURANCE and LYNDA KAMMEIER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Christopher Wright's ("Wright") Motion to Compel Compliance with Third-Party Subpoenas Issued in Arbitration (Doc. 1). Defendants have filed oppositions to this motion (Doc. 4, 7). Plaintiff has replied (Doc. 10). The Court granted Defendants Northwestern Mutual Life Insurance Company and Northwestern Mutual Investment Services, LLC ("NML") leave to file a sur-reply (Doc. 13). For the following reasons, the motion will be **GRANTED.**

### I.  Background

Plaintiff and Defendants are currently involved in an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") Arbitration Panel ("the Panel") regarding Plaintiff's claim that NML defamed Plaintiff and tortuously interfered with his business expectations. The final arbitration hearing is currently scheduled for February 9, 2015 at 9:00 a.m. On January 22, 2015, the Panel issued a Subpoena to Produce Documents to be served

1

upon the Missouri Department of Insurance ("MDOI") and a Subpoena for Testimony to be served upon Ms. Lynda Kammeier, an investigator at the MDOI (*See* Doc. 1-2).

In light of the MDOI's representations that it would not produce the documents or Ms. Kammeier, Plaintiff filed the current Motion to Compel pursuant to section 7 of the Federal Arbitration Act ("FAA") with this Court on January 28, 2015. On January 30, 2015, the Court entered an order expediting the briefing schedule and directing service upon the Defendants of both the Motion to Compel and that Order. Defendants have appeared in this case and responded to the Motion to Compel. In addition to their responses, Defendants moved to quash the subpoenas prematurely issued and served on behalf of this Court. The Court granted that Motion because the Court had not approved the issuance at that time.

## II. Analysis

**A.    Due Process**

The Court must first address NML's assertion that Plaintiff's Motion to Compel and this Court's January 30, 2015 Order violate its Due Process Rights. Specifically, that despite Plaintiff's Notice to the Court that it served NML with its Motion to Compel by email (Doc. 3), counsel for NML retrieved the pleadings themselves via the PACER docket system. NML also contends that Plaintiff's counsel misrepresented to the Court that counsel for NML requested service be directed at him. Finally, NML argues that there was no good cause for expediting the briefing schedule in this matter.

In response, Plaintiff points to NML's own Exhibit C which includes copies of the subpoenas and a copy of the Motion to Compel. Exhibit C is the same exhibit NML cites as evidence that it never received the Motion to Compel. Plaintiff also argues that NML has conceded that it was "served" with the Court's order which was provided by NML via email to

its counsel. Additionally, Plaintiff asserts that given the shortened timetable, Plaintiff's counsel used email service in order to ensure Defendants sufficient time to respond under the Court's Order.

It is clear from the record that NML received actual notice of the Motion to Compel in a timely fashion. "When the process gives defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.,* 733 F.2d 1087, 1090 (4th Cir. 1984). Under such liberal construction, the Court finds that service of the Motion should be upheld in this case. Plaintiff's counsel indicates that NML's counsel was willing to accept service via email and had done so throughout the pendency of the arbitration proceeding. While NML now claims this is not the case, by receiving service via email, NML was afforded additional time to respond to the Court's Order expediting the briefing schedule. *Wiseland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997) ("The rules give wide authority and discretion to the district court to manage its caseload.") Further, NML has entered an appearance and has fully responded to the Motion such that the Court finds that NML's substantial rights have not been affected.

**B.     Subject Matter Jurisdiction**

Section 7 of the FAA states that "upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt." 9 U.S.C. § 7. Therefore, this Court has subject matter jurisdiction over plaintiff's motion to compel so long as the arbitrators are "sitting" within the Eastern District of Missouri pursuant to 9 U.S.C. § 7. *Ferry Holding Corp. v. GIS Marine, LLC,* No. 4:11-MC-687 (CEJ), 2012 WL 88196, at *1-*2 (E.D. Mo. Jan. 11, 2012) (citing *Hunter Engineering Co. v. Hennessy*

*Industries, Inc.*, No. 4:08CV465, 2009 WL 3806377, at *2 (E.D. Mo. 2009)). In this case, the Parties do not contest that the Panel is sitting in the Eastern District of Missouri.

C. **Issuance of Subpoenas**

Plaintiff requests that the Court enforce the subpoenas issued on behalf of the Panel by authorizing his counsel to issue and sign subpoenas for the production of the documents and to compel testimony under the authority of the Court. Section 7 grants an arbitrator the power to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. "[I]f any person or person so summoned… shall refuse or neglect to obey said summons," a district court may either (1) "compel the attendance of such person or persons before said arbitrators" or (2) "punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses." 9 U.S.C. § 7. *See also In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000).

1. **Absolute Privilege**

Defendants assert that the documents and the testimony of Ms. Kammeier are absolutely privileged pursuant to various portions of Missouri Revised Statute Section 374.071. Plaintiff responds arguing that these issues have already been addressed before the Panel. Specifically, Plaintiff's counsel represents that the Panel issued the subpoenas after a briefing from both NML and Plaintiff regarding the relevancy and admissibility of the testimony and documents requested by the subpoenas (Doc. 1 at 4).

The Eighth Circuit has indicated that this Court should not "second-guess" the Panel's judgment. *In re Sec. Life Ins. Co. of Am.*, 228 F.3d at 871. Specifically, the Circuit has found that making an independent assessment of materiality "is antithetical to the well-recognized

policy favoring arbitration, and compromises the panel's presumed expertise in the matter at hand." *Id. See also AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1745 (2011) (finding that the primary substantive provision of the FAA reflects a liberal federal policy favoring arbitration) (internal quotations omitted).

However, with only the subpoenas, and no records, order, or transcript before this Court, it is unclear whether the Panel has considered these privilege arguments. Without knowing whether the Panel addressed these issues, it is the position of the Court that the records should be produced to the Panel at the hearing location as directed by the Panel to allow for the Parties to litigate or resolve any privilege arguments. Likewise, Ms. Kammeier's testimony should be available to the Panel for its determination regarding what portion, if any, of her testimony should be excluded.

### 2. Procedure

The Court's authority to enforce the Panel's subpoenas by allowing Plaintiff's counsel to issue the subpoena on behalf of this Court for the production of the requested documents is limited by Federal Rule of Civil Procedure 45. Defendants assert that it would be improper for the Court to issue the subpoenas to the MDOI because of (1) the 100-mi geographical limitation of Rule 45(c)(2)(A); and/or (2) the outside the district limitation of Rule 45(a)(2)(c) (Doc. 4 at 2-3). The Parties do not dispute that the records at issue are located in Jefferson City, Missouri. Defendants' argument regarding the 100-mi geographic limitation of Rule 45(c)(2)(A) is now moot because the Court has directed that the subpoena be modified so that the records will be produced at the hearing location, a location within the 100-mi radius (Doc. 10-5). Also, the 2014 version of the Federal Rules of Civil Procedure no longer requires that a subpoena for the production of documents be issued from the court for the district where the production is to be

made. Instead, Rule 45(c) provides that "A subpoena must issue from the court where the action is pending." Therefore, a subpoena for the records can be properly issued from this Court.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Compliance with Third-Party Subpoenas Issued in Arbitration (Doc. 1) is **GRANTED.** Plaintiff's counsel may issue and sign subpoenas for the production of documents and the testimony of Ms. Kammeier on behalf of this Court with the following modifications. The subpoena for records shall be modified such that the records are to be produced to the Panel at the hearing location as directed by the Panel. The subpoena for Ms. Kammeier's testimony shall be modified to allow for her testimony before the Panel so that it may properly determine what portions of her testimony, if any, should be excluded.

Dated this 6th day of February, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE